## HENRY GEISS v. WYETH HARDWARE AND MANUFACTURING COMPANY.

GOODS SOLD; *Refusal to Receive; Damages; Rule.* Where goods were sold by the manufacturer thereof and the purchaser refused to receive and pay for them, and suit was brought by the seller against the buyer to recover damages sustained by him because of such refusal, the measure of the plaintiff's damages is the difference between the market value of the goods and the price for which they were sold to the defendant; and the cost value, or what it cost to manufacture the goods, is presumably the market value thereof.

### *Error from Leavenworth District Court.*

THE opinion states the nature of the action, and the facts. October 10, 1885, judgment was rendered for the plaintiff company for $87.50 and costs. The defendant *Geiss* brings the case here.

*Stillings & Stillings,* for plaintiff in error.

*Lucien Baker,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action brought by the Wyeth Hardware and Manufacturing Company against Henry Geiss, to recover for an alleged breach of a contract for the purchase of certain manufactured goods sold by the plaintiff to the defendant, and which defendant refused to accept. Plaintiff claimed damages, first, for the cost of pack-

ing the goods; second, for the difference between the cost, or. manufactured value of the goods, and the price for which they' were sold to the defendant. Trial by a jury, and judgment for plaintiff for $87.50 and costs. Of this judgment the defendant complains.

But one question is presented for consideration. That is, What is the rule or measure of damages in case of a sale of manufactured articles, where the purchaser refuses to accept them? There is no substantial difference or dispute between the counsel for the parties as to the true rule or measure of damages; and both concede the rule to be the difference between the actual market value of the goods and the price for which they were sold; or in other words, the profit sold at over and above the actual market value of the goods. But counsel for plaintiff in error insist that the evidence given did not establish damages under this admitted rule, and that the court did not properly instruct the jury under the evidence and the rule of damages.

The plaintiff company, to establish its damages, called one J. E. Edmunds, who testified that he had been in the employ of the plaintiff for several years as a traveling salesman, and that he knew the cost price of the goods in controversy. Plaintiff asked the witness the following question:

"I will get you to state, if you know, at about what profit, if any, you sold this bill of goods to the defendant over and above the cost price for which they could have been manufactured."

To which question defendant objected, and the objection was overruled by the court.

*Ans.:* "The bill of goods was sold at a profit of from 5 to 8 per cent. over the cost of the same, by plaintiff to defendant."

*Ques.:* "What profit was the plaintiff getting by said sale made by the plaintiff to the defendant, over the cost price of the goods?"

Question objected to, and overruled.

*Ans.:* "The profit of the plaintiff on the sale made of the goods set out in the petition would have been from 5 to 8 per cent. on the amount of the sale."

The court on said evidence gave the jury the following instruction on the question of the measure of damages:

"The rule of damages would be, or the amount that these people would be entitled to recover would be, the reasonable cost they had incurred in putting up the goods, together with what profit would have been made by them in case he had received the goods and paid for them."

This was all the testimony and instructions on the question of damages, or measure of damages, except evidence showing the cost of packing the goods. It must be remembered that the goods were purchased from the manufacturer of the goods, and the witness Edmunds testified to the cost price, or what they could be manufactured for, and then the price per cent. above this value at which plaintiff sold the goods. We think this was equivalent to proving their market value, and the measure of plaintiff's damages. . The cost value, or the cost of manufacture when manufactured for a purchaser, would be presumably the market value of the manufactured articles.

The court instructed the jury on the measure of damages, and confined the rule to the profit the plaintiff would have made had the goods been received. This we think was the proper measure. True, the instruction was very meager in stating the rule, but the record does not show that any additional or further instructions were asked for and refused by the court. If the defendant was not satisfied with this instruction, he ought to have asked to have additional instructions given. It was the duty of the court to instruct on the law, giving the jury such instructions under the evidence as to the measure of damage as it deemed proper; and the instructions given being proper, this court will not grant a new trial for the sole reason that the trial court meagerly stated the rule or measure of damages in its instructions, unless it is shown that the jury was misled. We think that the evidence was competent and properly admitted to establish the measure of damages, and that the instructions of the court were proper thereunder.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.