(December 12, 1896.)

## MORRISON v. AMERICAN DEVELOPING AND MINING COMPANY.

[47 Pac. 94.]

DAMAGES—PLEADED—PROOF.—*Held*, that no damages were pleaded, and none proved as to the "stull" contract.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Redwin & Gough, and Texas Angel, for Appellant.

We earnestly insist that the evidence is insufficient to justify the finding of the jury on the stull contract. The evidence is, we think, conclusive that it was simply the understanding that Morrison should keep the mine supplied with stulls at forty-five cents each, and not that he should deliver any specific number. There was nothing passed between me and Morrison about the number of stulls he should put in, but he put in thirty-two stulls, and a short time afterward we were out of stulls in the mine. McDonald continuing said: "Morrison never requested pay for these four hundred stulls before bringing suit. He never made a statement in writing for his account against us for four hundred stulls." While it may be contended that there was not a technical tender, unless the plaintiff objected to same at the time it was made he waived all objections. (Idaho Rev. Stats., sec. 3231.) We think this was plainly error upon the part of the court, and, such being the case, the law presumes that it was prejudicial to the rights of the defendant, unless it affirmatively appears otherwise from the record. (*Holt v. Spokane etc. Ry. Co.*, 3 Idaho, 703, 35 Pac. 39; *Rice v. Heath*, 39 Cal. 609; *Cleary v. Railroad Co.*, 76 Cal. 240, 18 Pac. 269.) As to the stull contract the complaint alleges the delivery of thirty-two stulls, and asked for the value of the labor expended on the balance of the stulls, while he still retains them. His proper action would have been for a breach of the contract for the balance of the four hundred stulls, and his measure of damages the difference between the contract price and the actual market price of said stulls, and unless it is shown that he has

sustained injury by reason of the breach upon the part of defendant he cannot recover. (*Geiss v. Wyeth etc. Mfg. Co.*, 37 Kan. 130, 14 Pac. 463; *York Draper Mercantile Co. v. Lusk*, 45 Kan. 182, 25 Pac. 646; *Hill v. McKay*, 94 Cal. 5, 29 Pac. 406; *McClair v. Austin*, 17 Colo. 576, 31 Pac. 225.)

William H. Clagett, for Respondent.

Cites no authorities.

SULLIVAN, J.—This action was brought to recover the sum of $658.80, claimed to be due upon the contracts—one for cutting and delivering two hundred thousand feet of logs at four dollars and twenty-five cents per one thousand, and one for cutting and delivering four hundred stulls at forty-five cents each. Both causes of action were set up in one count. The cause was tried by the court and a jury, and verdict and judgment were in favor of the plaintiff. Defendant's motion for a new trial was denied. This appeal is from the order denying the motion for a new trial and from the judgment.

Several errors are assigned, one of which is that the evidence is insufficient to sustain the verdict. After a careful consideration of the evidence, we find that the evidence is sufficient to sustain the verdict and judgment on the log contract. It is also contended that the evidence is insufficient to justify the verdict of the jury on the stull contract, and under that head it is contended that the complaint contains no allegation of damages on the stull contract, and that the evidence fails to show that plaintiff sustained any damages or injury on account of that contract. Paragraphs 5 and 6 of the complaint contain the allegations touching said stull contract, and are as follows: "That plaintiff and defendant entered into a verbal contract, on or about the seventh day of October, 1894, whereby plaintiff was to deliver at the mine of said defendant four hundred stulls, at the contract price of forty-five cents each; and that said plaintiff cut said four hundred stulls, and delivered thirty-two of said stulls at the mine of said defendant; and that said defendant then notified the plaintiff that said defendant did not want said stulls." "That the value of said stulls so delivered to the mine of said defendant is fourteen dollars and forty cents; and that

the amount of labor expended on the balance of said four hundred stulls was $110.40." Said allegations do not aver that plaintiff sustained any damages by reason of the defendant company refusing to accept said stulls. It simply alleges that the amount of labor expended on the balance of said four hundred stulls (after deducting thirty-two stulls, which had been delivered to and accepted by defendant company) was $110.40. For aught the record shows, plaintiff may have sold the three hundred and sixty-eight stulls for more than defendant company had agreed to pay for them. No damage for breach of the contract is pleaded, and no injury proved. Unless plaintiff shows that he has sustained injury by reason of the breach upon the part of defendant, he cannot recover. (*Geiss v. Wyeth Mfg. Co.*, 37 Kan. 130, 14 Pac. 463.) The cause is remanded to the court below, with instructions to grant a new trial unless the plaintiff consents to a reduction of $110.40 on said judgment; and, if such consent is given, the court is authorized to reduce said judgment in the sum of $110.40. Costs awarded to appellant.

Morgan, C. J., and Huston, J., concur.