K. S. SMITH v. JACKSON CUNNINGHAM *et al.*

No. 10773.

1. ATTORNEY'S AUTHORITY—*continues, unless revoked, to end of litigation or performance of particular service.* The authority of an attorney to act for his client continues until the end of the litigation, or until the discharge of the particular service for which he was employed, unless the relation is sooner ended by a revocation of his authority.

2. ———— *in foreclosure, continues till sale and confirmation.* The litigation in a foreclosure proceeding is not deemed to be ended, so far as the relation of attorney and client is concerned, until the lien is enforced by the sale and confirmation of sale of the mortgaged property.

3. ———— *for defendant in foreclosure, includes power to waive notice of motion to revive between decree and sale.* Where the plaintiff in the action dies after the decree of foreclosure and before the sale, the defendant's attorney under his general authority may waive notice of a motion for revivor.

Error from Elk District Court. A. M. Jackson, Judge. Opinion filed July 8, 1898. *Reversed.*

*A. D. Neale,* for plaintiff in error.

*T. L. Davis* and *John Marshall,* for defendants in error.

JOHNSTON, J. An action was brought to foreclose a mortgage executed by Jackson and Jemima Cunningham to secure a debt to J. Curtis Smith. L. Scott was employed as an attorney by the Cunninghams, in whose behalf he filed an answer and cross-bill, setting up that a certain other mortgage, which was of record, was not a lien upon the premises, and asking to have it canceled. Upon trial, judgment was given for Smith for the amount of his debt, and for a foreclosure of his mortgage; and judgment was also given upon the cross-petition of the Cunninghams, holding the other mortgage to be void, and canceling the same, and quiet-

ing the title to the lands as against that mortgage. Prior to the sale of the land under the foreclosure proceedings, Smith died; and, when a motion for revivor was made, Scott, who had been the attorney of the Cunninghams from the commencement of the action, and upon the authority of the son of Cunningham, who had employed him, filed a written waiver of the notice of revivor, signing the same as the attorney of the Cunninghams. A sale was subsequently made to L. M. Bedell, and after confirmation of the sale a deed was executed to him by the sheriff. Bedell afterward conveyed the property to C. B. Christie. Neither Bedell nor Christie was a party to the foreclosure suit. Christie leased the premises to the Cunninghams for money rent, and after about a year from the making of the lease the Cunninghams began this action, alleging that Scott was without authority to waive notice of revivor, and that the order made reviving the action in the name of K. S. Smith, as well as the sale, the confirmation of sale, the sheriff's deed conveying the property to Bedell, and the deed from Bedell to Christie, were all void; and upon the proof introduced the court held that all the proceedings in the case subsequent to the decree of foreclosure were absolutely void, and the judgment of the court was that they be vacated and set aside.

The principal question in the case is whether the revivor of the judgment was properly had. Had the attorney, Scott, authority to waive notice of revivor? From the testimony it appears to have been done by him with the view of avoiding the costs necessary to a personal service upon the Cunninghams, from whom he had general authority to appear. The son of the defendants, through whose agency Scott was originally employed, appears to have consulted with his

1. Attorney's authority continues to end of litigation.

parents and reported to Scott that they desired him to appear in their behalf and secure a revivor of the judgment without the expense of service of notice. The defendants now deny that they authorized their son to speak for them in this respect; but was any special authority required for the action taken by the attorney? He was employed to represent them in the foreclosure proceeding, not only with respect to the Smith mortgage, but also for the purpose of securing the annullment of the other mortgage, which stood upon the record as a lien against their property. At the instance of their attorney, the last-named mortgage was vacated and set aside; and thus the judgment which was subsequently revived awarded affirmative relief to them. They were, therefore, interested in keeping it alive and making it effectual. In regard to the relation of attorney and client it may be said that the attorney's authority to act for his client continues until the end of the litigation, or until the discharge of the particular purpose for which he was employed, unless his authority is sooner revoked.

In a large number of cases the entry of judgment ends the litigation, but in foreclosure proceedings it would seem that the end of the litigation is not reached until the lien is enforced by the sale, and confirmation of sale, of the mortgaged property. The understanding of the profession is that the duties and powers of an attorney continue until the final conclusion of the foreclosure proceedings. Such proceedings are not concluded by a decree directing a sale of the property, nor has an additional retainer or new contract with an attorney to represent his client in the proceedings subsequent to the decree ever been deemed necessary. In such a case the attorney originally employed would be deemed

2. Attorney's power extends to confirmation of sale.

derelict in his duty if he failed to protect the interests of his client by examining the circumstances of the sale and every step taken in enforcing the lien. If there were any departures from the directions in the decree or substantial non-compliance with the requirements of the law, it would be his duty to resist the confirmation of the sale and to move to set the sale aside.

Leaving out of consideration the testimony, which strongly tends to show a special authority, as well as the lease, which tends to show a ratification of the acts of the attorney, we think the general employment conferred authority upon Scott to represent the defendants in all necessary steps until the litigation was ended by the confirmation of the sale, including the acceptance of notice of the motion for revivor. *Manning v. Hayden*, 5 Sawyer, 360; 3 Am. & Eng. Encyc. of Law (2d ed.), 327.

*3. Attorney's power includes what.*

The judgment of the District Court will, therefore, be reversed and the cause remanded for further proceedings.