CYRUS D. CHRISTY v. H. W. BEDELL, *Administrator, etc.*

**No. 513.** *  ( 61 Pac. 1095.)

BREACH OF COVENANT—*Quiet Enjoyment—Ouster.* Assertion of
adverse title by tenants of the plaintiff, after expiration of lease,
and recovery of judgment by such tenants quieting their title as
against the plaintiff and his grantor, are held to constitute a suffi-
cient ouster of the plaintiff from possession of the land to entitle
him to recover upon a covenant for quiet enjoyment.

Error from Elk district court; A. H. SKIDMORE,
judge.   Opinion filed July 25, 1900.   Reversed.

*W. A. McCausland,* and *L. Scott,* for plaintiff in error.
*A. D. Neale,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.·:  L. M. Bedell, the original defendant
in this action, purchased a tract of land in Elk county
at sheriff's sale, which was made in a foreclosure ac-
tion brought by J. Curtis Smith, mortgagee, against
Jackson Cunningham and Jemima Cunningham,
mortgagors.   Shortly before the confirmation of the
sale Bedell conveyed the land by a deed of warranty
containing covenants of seizin and for quiet enjoy-
ment to Cyrus Christy, the plaintiff herein.   The pro-
ceedings in the case were all apparently regular.   The
mortgagors being in possession of the land, Christy
caused a writ of assistance to be issued to oust them
therefrom.   While the writ was in the sheriff's hands,
and before service thereof, Christy made a written
lease of the premises for the period of one year to the
mortgagors.   After the year expired the latter not
only refused to surrender possession of the land upon

* Reversed by supreme court April 6, 1901.   See 62 Kan. 760, 64
Pac. 629.—REP.

demand of Christy, but, instead, commenced an action against him and Bedell and the personal representatives of J. Curtis Smith, then deceased, to set aside the sheriff's deed, the deed from Bedell to Christy, the sheriff's sale and the confirmation thereof, and to quiet the title of the said plaintiffs to the land involved. The action was based on the alleged failure to serve notice on the Cunninghams of the proceedings whereby the foreclosure action was revived in the name of the personal representatives of J. Curtis Smith, deceased. At the trial of the action, it was claimed by the defendants that the attorney for the Cunninghams had waived notice of the application for the revivor and had consented that it be made, but the court found that the attorney had no authority so to do and gave the Cunninghams judgment as prayed for. That judgment was afterward reversed by the supreme court. (*Smith v. Cunningham,* 54 Kan. 552, 53 Pac. 760.)

The present action was brought by Cyrus Christy against L. M. Bedell to recover for breach of the covenant of warranty in the deed above referred to. The recovery sought was the purchase-price of the land and certain costs and expenses incurred in a suit to obtain possession thereof and in defending the title. Christy properly tendered Bedell a quitclaim deed to the premises. On the trial, it appeared that Christy had instituted an action in forcible detainer and had dismissed the same, evidently because of the fact that the parties reached an agreement under which the lease was made. By virtue of the lease, Christy obtained possession of the land and received a part of the agreed rental in cash. The foreclosure proceedings were apparently regular in all respects, and the

judgment in favor of the Cunninghams in the action to quiet title rested upon the sole ground that the revivor in the foreclosure suit was made without their consent. The trial court entered judgment in favor of Bedell, the defendant. He subsequently died and the action was revived in the name of the administrator of his estate.

It is clear from the foregoing that Christy was not entitled to recover for breach of the covenant of seizin. The deed, however, contained a covenant for quiet enjoyment.

"The covenant of warranty, as well as that of quiet enjoyment, is a covenant which does not necessarily imply that the covenantor has a perfect title, but is an agreement to defend the covenantee in his possession." (*Claflin v. Case*, 53 Kan. 561, 36 Pac. 1063.)

"The covenant for quiet enjoyment goes to the possession and not to the title; and therefore, to prove the breach, it is ordinarily necessary to give evidence of an entry upon the grantee, or of expulsion from or some actual disturbance in the possession; and this, too, by reason of some adverse right existing at the time of making the covenant, and not of one subsequently acquired." (2 Greenl. Ev. § 243.)

The facts appearing in the record bring this case within the doctrine stated by Greenleaf. The assertion of an adverse title by the Cunninghams, after their tenancy had expired, deprived Christy, at least temporarily, of the possession of the land. The judgment quieting the title thereto completed the ouster of Christy from possession of the premises just as effectually as a judgment against him in ejectment would have done. His cause of action upon the covenant for quiet enjoyment was complete as soon as that judgment was entered, and he was entitled to

recover upon the facts proven at the trial, but the judgment was against him for costs. The decision of the supreme court in the case of *Smith v. Cunningham,* supra, cannot guide us in the present case. The judgment of the district court will be reversed.