## H. W. BEDELL v. CYRUS D. CHRISTY.

### No. 11,893.*    (64 Pac. 629.)

CONVEYANCE—*Breach of Warranty.* To constitute a breach of the covenant for quiet enjoyment, the eviction of the covenantee must have been under a lawful and paramount title, which existed and was outstanding when the conveyance by the covenantor was made.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges. Opinion filed April 6, 1901. *In banc.* Reversed.

---

*For opinion by court of appeals, see 10 Kan. App. —, 61 Pac. 1095.—REP.

*A. D. Neale*, for plaintiff in error.

*W. A. McCausland*, and *L. Scott*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action on the covenant of warranty contained in a deed executed by L. M. Bedell to Cyrus D. Christy. At a judicial sale Bedell purchased a tract of land in Elk county. After the confirmation of the sale and the execution of a sheriff's deed he transferred the land to Christy by a conveyance containing the usual covenants of warranty. At that time Jackson C. and Jemima Cunningham, who were the mortgagors and judgment debtors, were in possession of the land, but soon afterward they surrendered possession to Christy and rented the land from him for the following year. About the time of the termination of the lease the Cunninghams brought an action to set aside the mortgage sale and all of the subsequent proceedings and conveyances, alleging that the plaintiff in the foreclosure proceedings had died after the judgment and before the judicial sale, and that certain revivor proceedings had were without their consent or notice to them, and were, therefore, without validity. The district court adopted that view and set aside the sale as well as all proceedings subsequent to the foreclosure judgment. That case was brought to this court for review, where the judgment was reversed, the court holding the revivor proceedings to be valid. (*Smith v. Cunningham*, 59 Kan. 552, 53 Pac. 760.)

After the rendition of that judgment in the district court and before the reversal of the same in this court, the present action was brought by Christy, on the

theory that there had been a breach of the covenant
of warranty.   The trial court ruled that there had
been no breach, and that, therefore, there was no right
of recovery, but its judgment was reversed by the
court of appeals.   (*Christy v. Bedell*, 10 Kan. App.
——, 61 Pac. 1095.)   That court held that as the title
had not failed there was no breach of the covenant of
seizin, but because Christy had in some way lost pos-
session to the Cunninghams there was a breach of
the covenant of quiet enjoyment.   It is to be observed
that Christy did not in his petition ask for a recovery
on the covenant of quiet enjoyment, but sought to
recover only on the covenant of warranty; and the
court of appeals must have proceeded upon the theory
that the two covenants were identical, or that the
covenant of warranty included that of quiet enjoy-
ment.

The district court ruled correctly, we think, in hold-
ing that there was no breach of the covenant of war-
ranty, and also that Christy was not entitled to recover
on any of the covenants of the deed.   The record shows
that the title acquired by him from Bedell was com-
plete and indefeasible.   He not only had the para-
amount title, but he obtained possession of the land
under that title.   The Cunninghams, who were upon
the land when it was conveyed, surrendered posses-
sion to Christy and for a year or more acknowledged
him as their landlord.   It is true that afterward they
asserted a hostile claim to the land; but there was no
excuse or reason for Christy's yielding possession to
them, because they, being his tenants, could not dis-
pute his title or right of possession.   None of the cove-
nants of the deed assured Christy against the action
of trespassers or intruders without title or interest in
the land, nor against difficulties which he might ex-

perience in getting rid of tenants when their terms had expired.  The controlling consideration is that there was no adverse right or outstanding paramount title when the covenant was made.

Assuming, as we may, that the covenants of warranty and quiet enjoyment are mainly identical, and if we further assume that the petition of Christy alleged a right of recovery on the covenant of quiet enjoyment, he must fail, as the facts show that the covenant was not broken.  Both of the covenants relate to the possession and assure quiet enjoyment of the estate conveyed.  To constitute a breach, it is generally held that there must be not only a disturbance of possession, but the eviction must be under an adverse and paramount title which existed when the covenant was made.  An entry by an intruder, or by any one else, without lawful right and superior title is not a breach of the covenants, and in such case the remedy of the grantee is against the wrong-doers and not the covenantor.

In *Kelly v. The Dutch Church of Schenectady*, 2 Hill, 105, it was held that a covenant of warranty is not broken by the entry of a wrong-doer, and it was said:

"It is now settled that, in an action upon a general covenant for quiet enjoyment, the plaintiff must aver and prove that the person by whom he was evicted had a lawful title to the property, and that he had such title before or at the time of the conveyance by the defendant.  It must be both a lawful and a superior title."

See, also, *Webb v. Alexander*, 7 Wend. 281 ; *Knapp v. Marlboro*, 34 Vt. 235 ; *Hoppes v. Cheek et al.*, 21 Ark. 585 ; *Mills v. Rice*, 3 Neb. 76 ; *Beddoe's Ex'r v. Wadsworth*, 21 Wend. 120 ; *Wilder v. Ireland*, 8 Jones L. 88 ; *Faries v. Smith*, 11 Rich. L. 80 ; *Ellis & al. v. Welch*, 6

Mass. 247; *Real v. Hollister*, 20 Neb. 112, 29 N. W. 189; 8 A. & E. Encycl. of L., 2d ed., 97–101.

It is true that a claim was hostilely asserted, and that a judgment was given which for a time appeared to uphold the claim and to invalidate Christy's title, but proceedings in error were at once instituted and that judgment was set aside. The decision not only vacated the judgment, but it determined that the foreclosure proceedings were regular, that Bedell acquired a good title at the judicial sale, and that he conveyed to Christy a title that was indefeasible. He was not evicted by any one having a lawful· and superior title, and he was not justified in yielding possession to the Cunninghams, or in assuming that they had a right to possession· under the claim made by them. A claim not based on any title or interest, or which rests on something arising after the covenant was made, gives the covenantee no right of action against the covenantor.

The judgment of the court of appeals will be reversed and the judgment of the district court will be affirmed.