# Hallam and Others v. Coulter, Auditor and Others.

APPEAL FROM FRANKLIN CIRCUIT COURT.

FROM A JUDGMENT IN FAVOR OF COULTER, HALLAM AND OTHERS APPEAL. AFFIRMED.

Held:  1. Under Kentucky Statutes, 1899, section 107, giving attorneys a lien upon all claim or demands put into their hands for suit or collection, for the value of their services, and, in case of a recovery, a lien upon the judgment for money or property recovered, a lien does not attach to an appropriation made by the Legislature to reimburse a contestant in an election contest for his expenses therein, in favor of the attorney conducting such contest.

2. Where the authority of an attorney to represent a client in an election contest appeared to have terminated with such contest, authority in him to collect a sum allowed by the Legislature, to reimburse his client for his expenses incurred in such contest will not be implied.

T. L. EDELEN, ATTORNEY FOR APPELLANTS.

Hallam and the other appellants were employed by Allen in contesting the election of his opponent for a seat in the Kentucky Legislature, upon the agreement that they should be paid for their services such sum as the General Assembly might appropriate to Allen in the contest. The sum of $250 was ap-

propriated, for which a warrant was issued by Auditor Coulter to Hallam, which was paid. Subsequently, Allen repudiated the action of Hallam in making the collection and instituted a mandamus proceeding in the Franklin circuit court to compel the auditor to issue him a warrant for the $250. The auditor defended, claiming that he had issued the warrant to Hallam, attorney for Allen, and made his answer a cross petition against Hallam for the recovery of a judgment against him if it should be determined that he, Coulter, should issue a further warrant to Allen for said sum. The court held the payment to Hallam was not good and awarded the mandamus in favor of Allen, and rendered a personal judgment in favor of Coulter—not as auditor—against the appellant for $250. This judgment is too manifestly erroneous to require extended argument.

1. Because upon the record, as it stood, Hallam had the right to make the collection upon the uncontroverted allegation that he had a contract with Allen whereby he and his associates became the beneficiaries of the allowance.

2. Because in no event can the auditor represent the Commonwealth in his own name in suing for a recovery against Hallam, even if he had erroneously made the collection; and

3. Upon the much narrower ground that Coulter has recovered against Hallam a personal judgment in which, on the face of the record the Commonwealth has no interest.

CLIFTON J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR APPELLEE.

Hallam and others represented Allen in his contest and were entitled to a reasonable fee; the sum allowed the contestant was no more than a reasonable fee, but these lawyers had no lien upon the appropriation.. There is no equitable lien in such cases, and no statutory lien. There is always an implied exception to the sovereign, and no lien can attach to a claim payable out of the State treasury. There is no special authority given to these attorneys to collect this money, and none alleged or shown. They can not justify under the implied power to represent him, for this power terminated when the contest closed. The collection of the money was not incidental or any part of the management of the contest.

The auditor having acted at his peril in paying the money out of the State treasury, and being liable to the Commonwealth, it was proper that he should be reimbursed. It seems to us that the circuit court reached a just conclusion. Am. & Eng. Ency. of Law, vol. 1, p. 954.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

D. R. Allen and W. H. Collopy were rival candidates at the November election, 1899, for a seat in the lower house of the General Assembly of Kentucky, in and for the Eighty-First Legislative District.    Collopy received the certificate of election to the office in question, but his right thereto was denied by Allen, who claimed to have been elected; and he thereupon instituted a contest for the office before the General Assembly upon the meeting of that body, in which contest he was unsuccessful.   Upon the termination of the contest, the General Assembly, by an act entitled "An act appropriating money," which became a law on March 23, 1900 (Laws 1900, p. 82, c. 27), duly appropriated to the use of Allen and Collopy the sum of $250 each, wherewith to pay attorney's fees and other expenses incurred by them, respectively, in the contest.   For the $250 thus appropriated for the benefit of Allen a voucher was issued by the Auditor of the State of Kentucky, payable to the appellant T. F. Hallam, as attorney for Allen, who caused the same to be presented to the Treasurer of the State for payment, and the latter thereupon issued his check, payable to Hallam, as attorney, for the amount named in the voucher; and upon this check the appellant Hallam and associate counsel, Durrett and Green, received out of the State Treasury the entire sum of $250 appropriated to Allen.   The voucher of the auditor was issued upon the following written order: "Cincinnati, Ohio, April 23, 1900.   Hon. Gus G. Coulter, Auditor of Kentucky, Frankfort, Ky.—Dear Sir:   In the contested election case of D. R. Allen, contestant, against W. H. Collopy, contestee, for the seat as Representative in the General Assembly from the Second District of Kenton county, please make out check and warrant (when due) for allow-

ance by Assembly for contestant's expenses, so that the same shall be payable to the order of T. F. Hallam, attorney, for D. R. Allen, and deliver same to Pat McDonald. Martin M. Durrett, E. J. Green, Jr., T. F. Hallam, Att'ys for D. R. Allen." After the payment of the above sum to the appellant Hallam, Allen demanded of the auditor a voucher for the amount appropriated to his use by the General Assembly, which was refused. He thereupon instituted suit in the Franklin circuit court against the auditor and treasurer, respectively; in his petition setting forth, in substance, the contest, the appropriation of $250 made him by the Legislature, and the refusal of the auditor to issue him a voucher or warrant therefor upon the treasurer; the petition closing with a prayer for the writ of mandamus to compel the auditor to issue a warrant upon the State treasurer for the sum of $250, payable to him, and directing the treasurer to pay him that amount upon presentation of the warrant. Joint answer was filed by the auditor and treasurer, in which they set up the order from appellant Hallam, the issual of the warrant by the auditor to him, and its payment by the treasurer, and further averred that he and his associate counsel and co-appellants, Durrett and Green, had a lien on the sum appropriated by the Legislature to the payment of the expenses incurred by Allen in his contest, and that the appellants had the right to collect and apply the same to the payment of their fees for legal services rendered him in his contest with Collopy. Thereafter an amended answer was filed by the auditor and treasurer, in which it is, in substance, averred that the payment to appellants of the sum allowed Allen by the Legislature was made by them in good faith, and with the belief that the appellants had the authority to receive same as attorneys for Allen. They therefore

asked that their answer be made a cross-petition against appellants, and that they be made parties defendant, and required to answer and show what authority they had to collect the sum paid them, and, if they had received the same without right, that they be made to pay it into court, that it might be delivered to whomsoever the court might direct. The appellants filed demurrer to the answer and cross-petition of the auditor and treasurer, and with same an answer, in which it was admitted that they received the $250 in controversy, and, in substance, averred that they, by employment of Allen, represented him in his contest before the Legislature, and that he promised to pay them for their services whatever sum might be appropriated by that body in payment of the expense incurred by him in the prosecution of the contest; that they did perform for him all the services contemplated by their employment, and, in addition, that they engaged the services of officers to execute notices and subpoenas and to take depositions in the contested election case, whose fees were paid by them at Allen's request; and, further, that the appellant Hallam came to the city of Frankfort, and there, before the General Assembly and its committees, represented him in his contest, and paid his (Hallam's) own hotel bills and other necessary expenses while there. The answer also sets out in detail the fees paid and expenses incurred by appellants in the prosecution of the contest, and avers that the value of their services, together with the fees paid and expenses incurred by them, exceeds by $174 the amount of the appropriation collected by them out of the State treasury, and they deny the right of the auditor or treasurer to recover of them the $250, or any part thereof. A general demurrer was filed by Allen to the answer as amended of the auditor and treasurer, which was sustained

by the lower court; and, they failing to plead further, judg-ment was duly rendered directing the auditor to issue to Allen a warrant upon the treasurer for the $250 in contro-versy, and the treasurer to pay the same, upon presenta-tion, out of the State treasury, and further adjudging to Allen his costs in the action expended. The general de-murrer filed by the auditor and treasurer to the answer of appellants to their cross-petition was also sustained, and, the latter failing to plead further, it was adjudged by the lower court that appellees G. G. Coulter and S. W. Hager recover of appellants Hallam, Green, and Durrett $250, with interest thereon from the 1st day of May, 1900, until paid, and their costs expended. To which judgment appel-lants excepted, and prayed an appeal, and the case is now before this court upon that appeal.

We are not disposed to question the reasonableness of the fee attempted to be asserted by appellants, nor are we inclined to approve of the conduct of Allen in seeking to withhold from his attorneys the sum appropriated by the Legislature to reimburse him for his costs incurred in prosecuting the contest for a seat in that body, for the ap-propriation was made, in the main, to enable him to pay his attorneys for legal services rendered him in that con-test; but we are called upon to determine the legal rights of the parties as presented by the record, in doing which our only guide must be the law.

Appellants claim to have a lien upon the sum allowed appellee by the General Assembly. If they can have and assert such a lien, it must be under and by virtue of sec-tion 107, Ky. St., 1899, which provides that "attorneys at law shall have a lien upon all claims or demands, including all claims for unliquidated damages, put into their hands for suit or collection, or upon which suit has been insti-

tuted, for the amount of any fee which may have been
agreed upon by the parties, or, in the absence of such
agreement, for a reasonable fee for the services of such
attorney, and if the action is prosecuted to a recovery, shall
have a lien upon the judgment for money or property which
may be recovered—legal costs excepted—for such fee.
. . ." The liens allowed by this section relate to claims
or demands put into the hands of an attorney for collection,
or suit, or to judgments for money or property which may
be recovered. It is clear that a lien in favor of an attorney
can not arise, under the statute, out of a contest for office
before a legislative body, for in such a proceeding neither
money nor property is involved; and, if the office be recov-
ered through the efforts or skill of the attorney, no lien can
be asserted by him upon the office, its fees or emoluments,
for, under our Constitution and laws, the incumbent of an
office may not farm it out, or assign the fees or salary
thereof. The contest set on foot by Allen was to recover
or secure an office, not an appropriation at the hands of the
Legislature. The sum allowed was a mere incident or re-
sult of the contest, given by the Legislature not as a mat-
ter of right, but as a gratuity to indemnify him against loss
or expense incurred by reason of the contest; and, accord-
ing to parliamentary custom, such allowances are made to
the unsuccessful as well as to the successful party. It is
not contended by appellants that they were employed to
secure for Allen an appropriation at the hands of the Leg-
islature. Such an employment would have been against
public policy, and no compensation could have been re-
covered by them by reason thereof. The sum appropriated
by the Legislature to Allen could not have been attached
by appellants before its payment by the treasurer of the
State, and we are of opinion that no attorney's lien was

created thereon while it remained in the State treasury. It is not claimed by appellants that they had any express authority from Allen to collect this claim from the State. And as their right to represent him appears to have ended with the contest, authority to collect or receive the sum thereafter allowed him by the Legislature to defray the expenses of the contest will not be presumed or implied.

The judgment in favor of Allen against the auditor and treasurer has not been appealed from, but, for the reasons herein given, the judgment in favor of appellees Coulter and Hager on their cross-petition against appellants is hereby affirmed.