M. L. GEORGE *et al.* v. JOE LANE *et al.*

No. 15,442.

SYLLABUS BY THE COURT.

1. DAMAGES—*Breach of Contract.* A party entitled to recover on the breach of a contract should be allowed such damages as are the natural, direct and proximate result of the breach.

2. ———— *Same.* Where G. and M., in consideration of the conveyance to them of a farm, agreed to transfer a stock of goods to L. and L. and to furnish a buyer for a one-half interest in the goods for a certain sum, and the transfer of the goods and conveyance of the farm were duly made but G. and M. failed to furnish such buyer, the measure of damages for such default is the difference between the market value of such one-half interest and the sum for which it was to have been sold had a buyer been produced as agreed, together with interest on the amount of such difference.

3. EVIDENCE—*Measure of Damages—Breach of Contract.* The amount received upon the sale of such one-half interest at an auction fairly advertised and conducted, of which the defendants had notice, is evidence of such value, but is not conclusive, and the defendants had the right to offer evidence of such value to show that it was greater than the amount so received.

4. CONTRACTS—*Consideration.* A statement or promise made by L. and L. after the conveyance and transfer had been completed, without any new consideration, purporting to waive the

obligation of G. and M. to find such purchaser, which was not acted upon to their loss or injury, is ineffectual to relieve them from liability.

Error from Shawnee district court; ALSTON W. DANA, judge. First opinion filed November 7, 1908. Reversed. Rehearing allowed December 18, 1908. Second opinion filed May 10, 1909. First opinion affirmed.

*D. C. Tillotson,* for the plaintiffs in error.

*J. B. Larimer,* and *Charles F. Spencer,* for the defendants in error.

The opinion of the court was delivered by.

BENSON, J.: This action arose out of the following contract:

"This agreement, made and entered into this 9th day of May, A. D. 1905, witnesseth, that M. L. George and I. H. McQuilkin, parties of the first part, and Joseph Lane and F. H. Leonard, parties of the second part, hereby enter into a covenant that they will make a trade conveying the following-described property: M. L. George and I. H. McQuilkin agree to transfer a certain stock of groceries and grocery fixtures to said Joseph Lane and F. H. Leonard, and in payment of the same the said Joseph Lane and F. H. Leonard hereby agree to transfer to I. H. McQuilkin and M. L. George a certain farm of 199⁶⁰⁄₁₀₀ acres in section 7, township 10, range 18, Jefferson county, Kansas, and the parties of the first part further agree to furnish a buyer who agrees to take a one-half interest in said grocery stock at a consideration of $1300.

　　　　　　　　(Signed)　　M. L. GEORGE.
　　　　　　　　　　　　　　　I. H. McQUILKIN.
　　　　　　　　　　　　　　　JOE LANE.
　　　　　　　　　　　　　　　F. H. LEONARD."

An exchange of the property was made by a conveyance of the farm and a transfer of the groceries as provided, but the defendants, George and McQuilkin, failed to produce a buyer for a one-half interest in the grocery stock at a consideration of $1300, as agreed, and after

waiting fifteen days from the date of the transfer the plaintiffs, Lane and Leonard, notified them that unless they furnished such buyer the one-half interest in the goods would be sold, and that they would be held responsible for any damage. The goods were afterward sold at auction pursuant to this notice for $250, and this action was brought to recover the difference between that sum and the $1300, as stipulated in the contract, and the plaintiffs recovered.

The substantial errors alleged are in the instructions and rulings excluding evidence. The court instructed the jury that if the plaintiffs had performed the contract on their part by conveying the land (about which there was no question), and the defendants had failed to furnish a buyer within a reasonable time, without any fault of the plaintiffs, and the goods had been sold at a public auction advertised with reasonable diligence and conducted in good faith, after due notice to the defendants, then the plaintiffs were entitled to recover the difference between $1300 and the amount so received from the sale, adding thereto one-half the amount received from retail sales (which was but a few dollars) ; and that it was immaterial if the one-half interest was found to be worth more than the amount so realized. The court held that the measure of damages was the difference between the sum of $1300 and the amount received at an auction sale fairly conducted after due notice.

In some cases where there is a refusal to accept and pay for goods ordered or purchased the seller may proceed in this manner and charge the buyer with the deficiency. In the view we take of this transaction, however, it is not necessary to determine the class of cases to which this rule is applicable, for in this case there was no sale or agreement to sell. The undertaking of the defendants was to transfer the stock and fixtures, and to furnish a buyer within a reasonable time for a one-half interest therein, in consideration of the con-

George v. Lane.

veyance of the farm, which was duly made. They have performed this agreement in part and have failed in part. For this breach, if it was not waived, they are liable, not as purchasers, but for failing to find a purchaser.

In cases where the rule sanctioned by the district court applies it is said that if the vendee refuses to take the goods and pay for them the vendor has an election to rescind the contract and keep the goods, or to hold them for the vendee and sue for the price, or to proceed to sell them and charge the vendee with any deficiency that may remain after applying the proceeds to the purchase-money due. (Story, Sales, § 436; *Ackerman v. Rubens,* 167 N. Y. 405.) The right to resell rests upon the theory that the goods belong to the vendee, subject to the payment of the price agreed upon, and the vendor is given the right to sell in order to collect the amount due. (*Pollen v. Le Roy,* 30 N. Y. 549; 2 Benj. Sales, § 1180, and American note 5.)

In this case the sale and agreement to sell were lacking; consequently there could not be a resale to collect the price. The plaintiffs' loss naturally and proximately resulting from being deprived of that right to sell at that price was the difference between that amount and the value of the one-half interest which they were thus compelled to keep. This is the rule of damages in analogous transactions, and is simple and just in its application.

Damages are based on the theory of compensation for the loss suffered. A party is entitled to recover on a breach of contract such damages as are the natural, direct and proximate result of the breach. (*Johnson v. Mathews,* 5 Kan. 118.) The amount to be recovered here should be the loss resulting to the plaintiffs from the failure of the defendants to produce a purchaser who would pay $1300 for the half interest. If the defendants, in the absence of this agreement, had, upon a sufficient consideration received at the time, agreed

to find a purchaser for the plaintiffs' goods who would pay a certain sum, and had failed to produce such a purchaser, the loss to the plaintiffs would not have been more than the difference between the sum to be received for the goods and their market value. This is the rule applied in transactions between principal and agent where the latter has failed to make purchases that he was bound to make. (3 Suther. Dam., 3d ed., § 773; 2 Sedg. Dam., 8th ed., § 824; *Bell et al. v. Cunningham,* 28 U. S. 69; *Whelan v. Lynch,* 60 N. Y. 469.) The general measure of damages applied in case of a breach of contract to deliver merchandise is the difference between the purchase-price and the market value, together with interest (*Lumber Co. v. Sutton,* 46 Kan. 192), and this rule has been applied in cases of a sale. (*Geiss v. Hardware Co.,* 37 Kan. 130.)

We conclude that the proper measure of damages in this case is the difference between the market value of the one-half interest in the goods and fixtures and the sum of $1300, for which they were to have been sold, together with interest thereon. The price received at the auction sale, the testimony showing that it was fairly conducted, was competent evidence of market value, but not conclusive. (*Brigham v. Evans,* 113 Mass. 538; *M'Combs v. M'Kennan,* 2 W. & S. [Pa.] 216; *Bigelow v. Legg et al.,* 102 N. Y. 652; *Camp v. Hamlin & Barnum,* 55 Ga. 259.) The defendants had the right to show that the market value was greater than the amount received.

Evidence was offered tending to show that shortly after the exchange of the properties the plaintiffs verbally waived the agreement of defendants to produce a purchaser, and the jury were instructed in substance that such waiver was of no force unless there was an independent consideration therefor or by reason thereof the defendants had changed their position or condition in reliance upon it, to their loss or damage. It is contended that this instruction was erroneous because

George v. Lane.

the parties to a contract may at any time rescind it in whole or in part by mutual consent, and the surrender of their mutual rights is a sufficient consideration. (*Flegal v. Hoover et al., Appellants,* 156 Pa. St. 276.) This may be done where there are mutual rights to be surrendered, but in this case the plaintiffs had executed the agreement on their part. The only remaining obligation of the contract was upon the defendants. A naked promise to release them, if made, was without consideration, and, unless acted upon so that some loss or injury would result to them if the promise were not kept, it was ineffectual to relieve them from liability. (*Collyer & Co. v. Moulton and another,* 9 R. I. 90; *Moore v. Detroit Locomotive Works,* 14 Mich. 266; 9 Cyc. 593.) The instruction of the court upon this subject was correct.

An erroneous measure of damages having been adopted, the judgment is reversed and the cause remanded for further proceedings.

---

## OPINION ON REHEARING.

*Per Curiam:* Upon a rehearing allowed upon the measure of damages to be applied in this case, after careful consideration of the oral arguments made and the additional briefs presented, we adhere to the views expressed in the foregoing opinion.