No. 18,841.

JAMES W. BURCHFIELD, *Appellee,* v. AUGUST BRINKMAN et al., *Appellants.*

SYLLABUS BY THE COURT.

1. WARRANTY DEED—*Breach—Tenant of Vendor in Possession —Measure of Damages.* In an action on the covenants of warranty in a deed conveying certain hotel property, possession of which was withheld by the vendor's tenant, who claimed to be in for a term of years, but who was in fact a mere tenant from month to month, it is held that the measure of damages was the loss occurring to the plaintiff as the natural, direct and proximate result of the breach which would include the necessary and reasonable expense

of a forcible detention action which the plaintiff had brought to obtain possession, the attorney's fee therein, and also what the possession of the tenant was fairly and reasonably worth.

2. LEASE—*Conditional Option for Renewal—Conditions Fail— Tenant from Month to Month.* A lease for a term of years with an option to remain for another like period, provided the terms and conditions are satisfactory to both parties, is not available by the tenant when the landlord at the expiration of the term informs him that the lease will not be renewed, that a sale of the property is desired, and he can remain only as a tenant from month to month.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed May 9, 1914. Reversed.

*C. M. Williams,* of Hutchinson, for the appellants.

*Robert H. Garvin,* and *Ray H. Beals,* both of St. John, for the appellee.

The opinion of the court was delivered by

WEST, J.: Brinkman, who owned a hotel property, leased it for five years to Stewart with an option of five years more. Stewart transferred to Maxfield, who was accepted as his successor by Brinkman. Afterwards Brinkman sold the property to Burchfield, giving a warranty deed. Burchfield came on to take possession, and Maxfield refused to surrender, claiming to be a tenant for a second five-year term. A notice to vacate served by Brinkman was not observed, and Burchfield brought a forcible detention action in justice court and was defeated. Maxfield had offered to sell the furniture in the hotel for $3200, and after considerable negotiation Burchfield paid him $2500 and took a receipt showing that $1000 was for furniture and $1500 for possession. This suit was brought on the covenants of warranty to recover the $1500 together with other items, including the expense of the suit in justice's court and attorney's fee, alleging that the $1500 paid for possession was less than its value. The court instructed the jury that if Maxfield held

possession under the lease and Brinkman collected rent after the expiration of the term without objection on his part, this would make Maxfield a tenant for another term of five years; that the measure of damages was the fair and reasonable worth of Maxfield's interest, together with such additional sum as the plaintiff was obliged to expend in an endeavor to obtain possession. The plaintiff testified that the possession was worth what he paid for it. The jury returned a verdict in favor of the plaintiff for $1489.40, being nearly the amount sued for less certain offset and credit. The defendant appeals, and maintains, first, that the five-year lease had expired and that Maxfield was only a tenant from month to month; and second, that the court erred in charging the measure of damages to be the value of the possession instead of the amount the plaintiff was compelled to pay therefor.

The jury apparently understood that Maxfield's option to hold for another term had been recognized by Brinkman's collecting rent without objection, the only instruction on this point being the one already referred to. The option provision of the lease was as follows: "It is further agreed that after the expiration of this lease the party of the second part shall have the option for a further period of five years from that date, provided that the terms and conditions are satisfactory to both parties of this lease." Brinkman testified that when the lease expired, and repeatedly afterwards, he told Maxfield that he wanted to sell the property and would not renew the lease, and that he, Maxfield, could renew only as a tenant from month to month. Another witness testified that he heard one of these statements in a conversation between Brinkman and Maxfield. An equivocal denial of such conversation was made by Maxfield, but no direct denial of Brinkman's statements to him. Two other witnesses stated that Maxfield had told them that Brinkman would not give him a new lease but would only let him have it a month at

a time, and this was not denied, so that the evidence, without substantial dispute, showed that there was no permission to hold over except from month to month.

One of the grounds of the motion for a new trial was that the verdict was not sustained by sufficient evidence and was contrary to law. Another was error in assessment of the amount of recovery, the same being too large. While the evidence shows a liability for failure to put the plaintiff in possession of the property which he had purchased by warranty deed, it appears that the error regarding the renewal of the lease caused the matter to be regarded from the standpoint of Maxfield's tenancy under a five-year term instead of his tenancy from month to month.

The true measure of damages is the loss occurring to the plaintiff as the natural, direct and proximate result of the breach. (*George v. Lane*, 80 Kan. 94, 102 Pac. 55.) This would consist of the reasonable and necessary expense of the forcible-detention action, including the attorney's fee therein, but not the sum paid for house rent, or for moving, these being too remote. The plaintiff is entitled to recover also what the tenant's possession was fairly and reasonably worth on the basis of his being a tenant from month to month. (*Gilbert v. Rushmer*, 49 Kan. 632, 31 Pac. 123; *George v. Lane*, supra; *Barker v. Denning*, 91 Kan. 485, 138 Pac. 573.) The set-off and credit appear to have been properly allowed.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith, which proceedings may be avoided if the parties agree upon the adjustment of the matter between themselves as it would seem they ought to do.