## KORTE v. BROWN et al.

No. 12690—Opinion Filed Nov. 10, 1925.

Rehearing Denied May 10, 1927.

(Syllabus.)

1. **Attorney and Client—Interest in Property Involved as Fee—Good Faith of Contract—Burden of Proof.**

In the absence of a contract specifying what an attorney is to receive for services to be rendered his client, where the attorney takes an interest in the property involved, as compensation for his fees, the interest which he acquires is by purchase from his client, and if the good faith of such transaction is drawn in question, the burden of proving the same is upon the attorney.

## 2. Same—Invalidity of Conveyance to Attorney.

Where the plaintiff employed the defendants to represent her in removing certain alleged clouds from her title to real estate, and no agreement was entered into as to the fee they were to receive, and she conveys to them an interest in the property for their services, and soon thereafter files suit to vacate such conveyance, pleading in her petition a state of facts which as a matter of law shows a termination of the relation of attorney and client before the conveyances were made, the burden of proof was upon her to make out a prima facie case, and on her failure so to do, the judgment of the trial court for defendants will be affirmed.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Antonie Korte against Peyton E. Brown and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Albert Faulconer, Kirke W. Dale, C. L. Swarts, and E. J. Fleming, for plaintiff in error.

Bellatti & Brown and J. E. Curran, for defendants in error.

BRANSON, V. C. J. The appeal herein is from a judgment of the district court of Kay county, in favor of the defendants, Peyton E. Brown and C. Robert Bellati, and against the plaintiff, Antonie Korte, which judgment denied the right of plaintiff to the recovery sought. The plaintiff had sought to vacate and set aside two conveyances made to the defendants, respectively, to each an undivided one-eighth of the oil and gas in a certain tract of land owned by her. The conveyances were dated the 28th day of May, 1919, and shortly thereafter this suit was filed. The defendants were law partners. They had been employed without any contract as to their compensation. The purpose was to clear her title of an oil and gas lease upon the land made by her to the L. C. Mann company, and a conditional lease to one Stephens, both of which leases she claimed were no longer of legal force and effect, the first because it provided "unless" a well was begun by a certain time or a certain sum of money paid, the lease should terminate. The well was not begun, neither was the money paid. She claimed that the second lease never became effective, in that the lessee had never deposited in the bank, the depository agreed upon, the bonus money within the time specified. Both of these alleged clouds were removed, apparently by the efforts of the defendants, but without any litigation. The plaintiff was advised of this situation, and in the instant suit pleads:

"That on or about the _____ day of _____, 1919, and after all the services rendered by the defendants to the plaintiff had been completed, and nothing remained to be done by the defendants for the plaintiff, this plaintiff went to the office of the defendants in the city of Blackwell, Kay county, Okla., with the intention, and for the purpose of settling with and paying the defendants for their services, intending and expecting that the defendants would furnish plaintiff a statement of their fee, and that she would pay them the cash therefor, which she was ready, willing, and able to do at the time."

The plaintiff testified as to what took place at the office of the defendants at the time referred to in the above quotation, and at the close of her testimony it was conceded by her counsel, before the trial court, that if the burden of proof was not upon the defendants to show the entire fairness and good faith of the transaction had with the plaintiff, then that the plaintiff had failed to make out a case and the demurrer interposed to the evidence should by the trial court be sustained. Plaintiff's counsel stated in part this:

"We don't pretend we have shown any fraud under ordinary circumstances. * * * Counsel have refused to recognize what we claim to be the law in this case; of course, on their theory, I suppose the demurrer ought to be sustained, * * * but they are incorrect as to their statement of the law."

The disagreement between counsel, it is clear from the record, is a disagreement as to whether or not at the time of the conveyances in the instant case sought to be set aside, the relation of attorney and client existed between the plaintiff and the defendants. It was evidently the position of the plaintiff that the burden of proof was upon the defendants to show the entire fairness of the transaction, while the defendants contend that the relation of attorney and client no longer existed at the time of the transaction here in question, and therefore, upon the failure of the plaintiff to show actionable fraud, she could not recover.

We are not called upon to surmise as to why plaintiff pleaded, as in her petition above quoted, that all the services to be rendered by the defendants were completed, and nothing remained to be done by the defendants for the plaintiffs; but she in fact pleaded this, and it is apparent that the trial court upon this pleading, concluded that the relation of attorney and client had

ceased, and that the burden was on the plaintiff to establish a prima .acie case. We think, under this pleading, the conclusion of the trial court was correct. In re Cooper, 135 Fed. 196; Frowley v. Modoc et al. (Cal.) 110 Pac. 817; Hallum v. Coulter (Ky.) 73 S. W. 772; Smith v. Cunningham (Kan.) 53 Pac. 760; Trancre v. Pullman (Minn.) 29 N. W. 171; Dockery v. McClellan, 93 Wis. 381. 67 N. W. 733, 19 A. L. R., 850; Jinks v. Moppin (Tex. Civ. App.) 80 S. W. 390; Harrison v. Murphy, 39 Okla. 548, 135 Pac. 1137.

But for the pleading above quoted on the part of the plaintiff, we would be reluctant to conclude that the relation of attorney and client did not exist at the time of the transaction in question, and that the burden in the instant case was really on the defendants, but neither the trial court nor this court can do other than apply the law to the allegation of facts made by the plaintiff and conceded by the defendants.

In the instant case, we think that the said allegation of the plaintiff, admitted by the defendants in their answer, shows as a matter of law a termination of the relation of attorney and client. This being true, plaintiff's counsel conceded that plaintiff had not made out a cause of action. The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 6 C. J. pp. 689, §214; 735, §310. (2) 6 C. J. pp. 689, §214; 736, §310. See under (1,2) anno. 23 L. R. A. (N. S.) 679; 28 L. R. A. (N. S.) 723; 2 R. C. L. pp. 971. 972; 1 R. C. L Supp. pp. 669, 670; 4 R. C. L. Supp. p. 130; 5 R. C. L. Supp. p. 119.