(9 P.3d 1268)
No. 83,590

RICHARD W. LEWIS and LINDA J. LEWIS, *Appellees*, v. JETZ
SERVICE CO., INC., *Defendant*, and JOHN W. ROE, *Appellant*.

Opinion filed August 11, 2000.

*Keith E. Martin*, of Smith, Shay, Farmer & Wetta, LLC, of Wichita, for appellant.

*Kurt A. Harper*, of Sherwood & Harper, of Wichita, for appellees.

Before RULON, P.J., KNUDSON, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

KNUDSON, J.: John W. Roe appeals a money judgment entered upon the claim of Richard W. Lewis and Linda J. Lewis that Roe breached the warranty of title in a warranty deed. The controlling issue on appeal is whether a warranty of title is breached when the grantee (Lewises) must bring a forcible detainer action to evict a third party who asserts an honest but unfounded claim of a possessory interest in the property conveyed. The district court held that it made no difference whether the third party's claim was valid or invalid—the covenant of title was breached.

We reverse because there can be no breach of the covenant of title in a warranty deed unless the third party's claim is superior to the title or possessory rights of the grantee.

The Lewises purchased an 18-unit apartment house from John Roe by warranty deed subject to easements of record. In the basement of the apartment house, Jetz Service Co., Inc., (Jetz) maintained washers and dryers for the use of tenants. Upon taking possession, the Lewises requested that Jetz remove its machines from

the laundry room. Jetz refused, producing a long-term written lease executed by Roe's predecessor in interest.

Ultimately, the Lewises brought suit against Jetz for forcible detainer and against Roe for breach of the warranty of title. On the morning of trial, the Lewises settled with Jetz, paying the company $1,814.12 to buy out its lease. At trial, the district court found neither Roe nor the Lewises had knowledge of the lease; the lease between Jetz and the previous owner of the apartments was not valid; and Roe had breached the warranty of title in the deed. The court ordered Roe to reimburse the Lewises $1,814.12 and pay their attorney fees of $1,305.78 plus court costs.

Neither party to this appeal contests the district court's findings of fact and law that Jetz did not have a valid lease. Consequently, the issue left before us is one of law and our standard of review is unlimited. See *Heiman v. Parrish*, 262 Kan. 926, 927, 942 P.2d 631 (1997).

A grantor's covenant of title in a warranty deed is limited to *lawful* claims. See K.S.A. 58-2203. In *Bedell v. Christy*, 62 Kan. 760, 763, 64 Pac. 629 (1901), the Supreme Court, speaking under the assumption that covenants of warranty and quiet enjoyment are "mainly identical," held a breach does not occur without a disturbance of possession and eviction under an adverse title which existed at the time of the conveyance. The court stated: "An entry by an intruder, or by any one else, without lawful right and superior title is not a breach of the covenants, and in such case the remedy of the grantee is against the wrong-doers and not the covenantor." 62 Kan. at 763.

The holding in *Bedell* appears consistent with the prevailing view throughout the country. In one of the more respected treatises, the author states:

"The general effect of a covenant of warranty is that the grantor agrees to compensate the grantee for any loss which the grantee may sustain by reason of a failure of the title which the deed purports to convey, or by reason of an encumbrance on the title. In the typical wording of such a covenant, the grantor covenants to warrant and defend the title conveyed by the deed against the *lawful claims* which may [be] asserted against it. The covenant may be either expressly stated, or it may be implied by the words used or type of deed employed." (Emphasis added.) 14 Powell on Real Property, § 81A.06(2)(d)(i), p. 81A-121 (1999).

In the case now before us, the district court mistakenly relied upon *Burchfield v. Brinkman*, 92 Kan. 377, 140 Pac. 894 (1914), for support of its award against Roe. *Burchfield* is distinguishable from the case before us because the tenant occupying the property did so under a valid lease. Here, the district court specifically found Jetz' occupancy was not based upon an enforceable claim.

We conclude that under the district court's findings, the holding in *Bedell* precludes recovery by the Lewises. As a matter of law, there has been no breach of the warranty of title by Roe. The judgment of the district court is reversed.

Reversed.