(71 P.3d 486)

No. 88,700

DONNA J. KITCHEN, *Appellee*, v. DANNY D. SCHMEDEMAN and
MARY E. SCHMEDEMAN, *Appellants*.

Opinion filed June 27, 2003, 2003.

*Jeffrey L. Willis,* of Johnson, Kennedy, Dahl & Willis, of Wichita, for appellants.

*Larry D. Toomey,* of Toomey, Pilgreen, LLC, of Wichita, for appellee.

Before MARQUARDT, P.J., PIERRON, J., and ROBERT J. FLEMING, District Judge, assigned.

MARQUARDT, J.: Danny and Mary Schmedeman appeal the trial court's grant of summary judgment to Donna Kitchen. We affirm.

The facts of this case are not in dispute. In September 1997, Kitchen and her now deceased husband signed a contract to purchase real estate from the Schmedemans. The Schmedemans had two mortgages on the property, which totaled approximately $27,500. At closing, Kitchen delivered certified funds in the amount of $62,500 to Realty Title Company's (Realty) closing agent, Linda Ayala. Ayala was instructed to pay the Schmedemans' mortgages and then deliver the balance to the Schmedemans.

Upon delivery of the certified funds, Kitchen received a warranty deed from the Schmedemans.

The checks Ayala sent to the mortgagees were returned due to insufficient funds. Ayala absconded with the money and ultimately went to prison. Realty filed for Chapter 7 bankruptcy protection.

The Schmedemans eventually received their money from the sale of the property. The holder of the Schmedemans' first mortgage initiated a foreclosure action since that mortgage was never paid. Because of the foreclosure, Kitchen paid the Schmedemans' mortgage so she would not lose the house. Both Realty and Ayala were judgment proof. Kitchen and the Schmedemans were similarly unable to collect from the company acting as Realty's principal.

In May 2001, Kitchen filed a petition against the Schmedemans alleging breach of the covenants of quiet enjoyment contained in the warranty deed. In December 2001, Kitchen filed a motion for summary judgment. Both parties agreed that the case should be decided by the trial court.

At the hearing on the summary judgment motion, the Schmede- mans argued that their signatures on the deed were somehow negated by Ayala's fraudulent conduct. They claimed that they never would have signed the deed had they known they would not be able to deliver a clear title.

In its ruling, the trial court referred to K.S.A. 58-2203, noting that the seller guarantees the property is free from encumbrances and the "grantor will warrant and defend the same against all lawful claims." Ultimately, the trial court found that it was immaterial the Schmedemans were deceived by Ayala, since they signed and delivered the warranty deed to Kitchen.

The trial court concluded that the Schmedemans, by delivery of the warranty deed, warranted that the property was free from encumbrances. Accordingly, the trial court granted Kitchen's motion for summary judgment and entered judgment against the Schmedemans. The Schmedemans timely appeal.

The Schmedemans argue that the deed was delivered with the expectation that Ayala would disburse the funds to the mortgagors.

Accordingly, the Schmedemans believe that even though the deed was filed, it should not be deemed "delivered" to Kitchen.

The issue of whether a delivery took place is one of intent on the part of the grantor. If the grantor, by words or acts, manifests an intention to divest himself or herself of title and vest it in another, it is sufficient to constitute a valid delivery. *Reed v. Keatley*, 187 Kan. 273, 276-77, 356 P.2d 1004 (1960). The fact that a deed is on record is prima facie evidence of delivery. 23 Am. Jur. 2d, Deeds § 118, p. 152. Here, the warranty deed was signed by the Schmedemans and later filed of record with the Sedgwick County Register of Deeds.

There is no Kansas case directly addressing the issue raised by the Schmedemans. There is no evidence in the record on appeal that the Schmedemans voiced any reservations about signing the deed, giving it to Kitchen, or having it filed with the register of deeds. Only in hindsight do they voice reservations. The theft of the money by Ayala was a subsequent event and unrelated to the Schmedemans' delivery of the deed.

Review of this issue requires interpretation of K.S.A. 58-2203. Interpretation of a statute is a question of law, and the appellate court's review is unlimited. An appellate court is not bound by the trial court's interpretation of a statute. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

K.S.A. 58-2203 reads:

"Any conveyance of lands, worded in substance as follows: A.B. conveys and warrants to C.D. (here describe the premises), for the sum of (here insert the consideration), the said conveyance being dated, duly signed and acknowledged by the grantor, shall be deemed and held a conveyance in fee simple to the grantee, his or her heirs and assigns, with covenants from the grantor, for himself or herself and his or her heirs and personal representatives, that the grantor is lawfully seized of the premises, has good right to convey the same and guarantees the quiet possession thereof, that the same are free from all encumbrances, and the grantor will warrant and defend the same against all lawful claims."

When K.S.A. 58-2203 is complied with, specific warranties of title and possession are implied. *Griffith v. Byers Construction Co.*, 212 Kan. 65, 68, 510 P.2d 198 (1973). The general effect of a covenant of warranty is that the grantor agrees to compensate the

grantee for any loss which the grantee may sustain by reason of a failure of the title which the deed purports to convey, or by reason of an encumbrance on the title. *Lewis v. Jetz Service Co., Inc.*, 27 Kan. App. 2d 937, 938, 9 P.3d 1268 (2000).

We agree with the parties that this is an unfortunate situation. It does not seem fair that either party should have to pay for the criminal actions of another. However, the holding in *Lewis* is persuasive here. The Schmedemans, the grantors, have a duty under the warranty deed to compensate Kitchen for the encumbrances on the title left by the outstanding mortgages. This simple logic was used by the trial court, and we approve of this analysis. The warranty deed obligated the Schmedemans to deliver a deed free and clear of encumbrances. When that did not happen, the Schmedemans became liable to compensate Kitchen for the loss she sustained in clearing the title.

At the summary judgment hearing, the Schmedemans argued that Ayala acted as the closing agent for both parties. However, on appeal, they state for the first time that Ayala was Kitchen's agent, relieving them of all responsibility for Ayala's misconduct. Issues not raised before the trial court cannot be raised on appeal. *Dalmasso v. Dalmasso*, 269 Kan. 752, 765, 9 P.3d 551 (2000).

We agree with the trial court's conclusion that a warranty deed conveying the subject property was passed from the Schmedemans to Kitchen on the date of closing. The trial court correctly granted Kitchen's motion for summary judgment.

Affirmed.