HENRY C. SCHWITZGEBEL, *Appellee*, V. STELLA C. BEAKEY, *Appellant*.

No. 15,904.

#### SYLLABUS BY THE COURT.

DAMAGES—*Breach of Warranty—Possession by Grantor's Tenant.* The owner of lands of which a tenant of the owner was in possession, under a lease which would expire some months after the execution of the deed, executed to a third person, who knew of the lease and the possession by the tenant, a warranty deed in the usual form, with this provision inserted: "The possession of said above-described premises to be given to party of second part, her heirs and assigns, on or before the first day of March, A. D. 1901," which was the next day after the expiration of the lease. *Held,* under the circumstances the provision in the deed did not obligate the grantor to remove the tenant and place the grantee in possession of

Schwitzgebel v. Beakey.

the premises, nor make the grantor liable for the wrongful detention thereof by the tenant after the expiration of his lease.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed March 6, 1909. Affirmed. Rehearing allowed April 20, 1909. Second opinion filed November 6, 1909. Reaffirmed.

## STATEMENT.

IN July, 1900, Edmond Vander Meerchen executed and delivered to Stella C. Beakey a warranty deed for 1630 acres of land in Pottawatomie county, Kansas, and to secure the payment of the purchase price, or the principal part thereof, took a note for $17,500, due March 1, 1901, and a mortgage on the land to secure the note. The warranty deed was in the usual form, warranting the land to be free and clear of all encumbrances and agreeing to defend the grantee, "her heirs and assigns, against said parties of the first part, their heirs and all and every person or persons whomsoever lawfully claiming or to claim the same." Preceding the habendum clause of the deed, however, was this provision: "The possession of said above-described premises to be given to party of second part, her heirs and assigns, on or before the first day of March, A. D. 1901. Party of first part reserves the right to collect all rents due from said described property for the year 1900."

At the time of the execution of this deed J. O. Benton was in possession of the land under a written lease which would expire on the last day of February, 1901, but on the first of March, 1901, he not only refused to deliver possession but claimed to be the equitable owner of the property under a contract of purchase, and he brought a suit to enforce his alleged contract, in which he was defeated. Mrs. Beakey brought three or four actions against Benton for the unlawful detention and to recover the possession of the land, and finally recovered judgment for the possession thereof and for

nearly $4000 damages. No part of the mortgage debt or the interest thereon was paid by Mrs. Beakey, and after the full maturity thereof Edmond Vander Meer-chen assigned the same to Henry C. Schwitzgebel, who, in August, 1905, commenced this suit against Mrs. Beakey to obtain judgment for the amount of the indebtedness and for a decree foreclosing the mortgage, and finally obtained a judgment and decree as prayed for. To reverse this judgment, which denied her an offset for the damages she sustained by the unlawful detention of the premises by Benton, the defendant brings the case here.

J. O. Benton was also made a defendant in the suit, but did not appeal from the judgment determining that he had no interest in the property.

*Edwin A. Austin,* and *Otis E. Hungate,* for the appellant.

*Thomas R. Marks, E. D. Woodburn, F. T. Woodburn,* and *A. E. Crane,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: From the conclusion we have reached an extended statement and discussion of the defenses and offsets which the defendant pleaded in the action becomes unnecessary. We shall assume that whatever defense or offset she would have been entitled to, had the suit been brought by Edmond Vander Meerchen, she was entitled to maintain against the plaintiff.

Upon the construction of the special covenant in the deed to the defendant—"The possession of the above-described premises to be given to party of second part, her heirs and assigns, on or before the first day of March, A. D. 1901. Party of first part reserves the right to collect all rents due from said described property for the year 1900"—rests the determination of the case here. By its ruling upon the plaintiff's demurrer to the evidence produced by the defendant the court

held, in substance, that this covenant did not obligate the grantor to put Benton out of possession and her into possession on the first day of March, 1901, but that the covenant amounted to a reservation of the right of possession until that date. The defendant says in her brief that if this construction of the covenant be correct. all other questions raised by her become immaterial.

Under the provisions of our code an action for the recovery of the land in question must have been brought in the name of the real party in interest. Previous to the deed to the defendant, Vander Meerchen had by lease conveyed the right to the possession of the premises to Benton until the first day of March, 1901, and by the deed he surely conveyed all of his right to possession therein after that date to the defendant. There was therefore no interim within which he could have maintained an action in his own name to oust Benton from the possession of the land. This is not a conclusive test of his liability in damages, as one owning realty may lease the same to different persons for the same term or a part of the same term and the one failing to get possession under his contract may recover damages against his grantor.

It is suggested, however, that the parties to the deed, knowing the facts, and presumably knowing the law, would not be presumed to have inserted in the deed a contract which one party was then known to be incapable of performing. In other words, the language used should not be construed to import such a contract, unless the legal significance thereof clearly compels such construction.

It is the general rule of construction of warranty deeds that they obligate the grantor to defend the title and right of possession against the lawful claims only of others than the grantee therein, unless the language used clearly indicates a different intention. (*Bedell v. Christy*, 62 Kan. 760.) Again, it is a well-recognized rule in this and other courts to construe all the parts

of a written contract together, and in the light of the circumstances under which it was made. It was well known to the parties to the deed that Vander Meerchen, prior to the execution of the deed, had conveyed the right of possession to the land described in the deed until the first of March, 1901, and that upon the delivery of the deed he would forever part with all right or interest in the possession of the land conveyed by it. In the habendum clause of the deed the grantor covenants that the land is free and clear of all encumbrances, yet Benton's lease was an encumbrance. (*Clark v. Fisher*, 54 Kan. 403.) It is not contended, however, and could not be, that the reservation of the possession until March 1, 1901, constituted a breach of this covenant. On the other hand, it will be read into the covenant as a modification thereof. Then in the warranty clause of the deed the grantor undertakes to warrant and defend the title to the land, including the modified right of possession thereof, "against all and every person or persons whomsoever *lawfully* claiming or to claim the same." Benton had no lawful claim to the possession of the land after the expiration of the term of his lease thereon, hence there was no breach of the warranty, and Vander Meerchen was not responsible to the defendant for Benton's wrongful assertion of a claim to the land nor for his wrongful detention of the possession after March 1, 1901. (See *Bedell v. Christy*, 62 Kan. 760; *Gazzolo v. Chambers et al.*, 73 Ill. 75.)

The word "given," as used in the clause of the deed—"The possession of the above-described premises to be given to party of second part, her heirs and assigns, on or before the first day of March, A. D. 1901"—must therefore be construed as synonymous with "surrendered" or "granted." Also, the clause of the deed last above quoted, construed in connection with the whole instrument, is held to be a reservation of the right of possession in the grantor's tenant until March 1, 1901, and not an undertaking on the part of the grantor to

remove the tenant and put the defendant in possession of the land on that date.

This also seems to be the construction placed upon this provision of the deed by the defendant. Upon the refusal of Benton to surrender possession of the land on the first of March, 1901, it does not appear that she called upon Vander Meerchen to put her in possession, but she brought several actions directly against Benton to recover from him the possession of the land, and, after several years' litigation, succeeded therein.

The judgment is therefore affirmed.

---

### OPINION ON REHEARING.

*Per Curiam:* We have fully reconsidered the opinion heretofore rendered in this case, after extended reargument, and are satisfied therewith, and the decision therein rendered will stand unchanged.