No. 29,445.

D. C. STEPHENSON and LOUISE F. STEPHENSON, *Appellants,* v. JOHN R. PETERSON and MRS. JOHN R. PETERSON, *Appellees.*

(293 Pac. 497.)

Opinion filed December 6, 1930.

*Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellants.

*A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, and *Ira C. Snyder,* of Manhattan, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for the breach of a contract. The trial court sustained defendants' motion for judgment on the pleadings. Plaintiffs have appealed.

The facts disclosed by the pleadings may be thus briefly stated:

Plaintiffs owned a farm in Pottawatomie county which they leased to defendants, under an oral lease, for a term extending to and expiring March 1, 1926, by the terms of which oral lease defendants were to have the exclusive right of possession of the premises for the term expiring March 1, 1926, and specifically covenanted and agreed that they would yield and deliver peaceable possession of the premises to plaintiffs on March 1, 1926. Early in February, 1926, plaintiffs negotiated a sale of the farm to Arthur Pate, a farmer of Shawnee county. Before executing the contract for sale plaintiffs advised defendants of their negotiations with Pate and informed defendants that if Pate purchased the premises he would want possession March 1, and defendants, in conformity with the covenants and agreements in their parole lease of the premises, agreed with plaintiffs again that they would give possession of the premises on March 1, 1926. Relying upon these covenants of the lease with the defendants, and their promises in harmony therewith, plaintiffs, on February 5, 1926, entered into a written contract for the sale of the farm to Arthur Pate for the sum of $24,000, of which $2,000 was paid at the time and the balance to be paid on the transfer of title, about March 1, 1926.

Relying on his purchase from plaintiffs and agreement for possession, Arthur Pate, on March 1, 1926, or within a few days thereafter, moved his household goods, farming implements and live stock from Shawnee county to Pottawatomie county, intending to pay the balance of the purchase price for the premises and expecting possession. Defendants refused to surrender possession. Arthur Pate completed the purchase of the farm by paying the balance of the purchase price, but being unable to get possession of the premises was compelled to rent a place to live until he could get possession, sell some of his live stock, and make other financial sacrifices. In order to close their deal with Arthur Pate, plaintiffs agreed with him that they would pay the expenses of an action for forcible detainer to be brought by Arthur Pate against defendants. Such an action was brought in the justice court, and on the trial of it in the district court Arthur Pate recovered judgment for possession of the premises against the defendants; and thereafter, on May 7, 1926, the defendants in that action, having appealed it to the supreme court, gave a bond in the penal sum of $2,500 to stay execution of the judgment, which bond was conditioned, as required by

statute (R. S. 61-1011), that defendants should not commit or suffer waste and should pay double the value of the use and occupation of the real estate from March 1, 1926, to the date of the delivery of the premises, together with all damages and costs which might be awarded against them in the event the judgment appealed from should be affirmed. Pending the appeal of that case defendants remained in possession of the premises until March 1, 1927. The appeal in that case was dismissed. In the fall of 1926 defendants paid to Arthur Pate, from crops raised on the premises, the sum of $1,409, which was received by Arthur Pate to apply upon the reasonable rent of the premises.

In April, 1927, Arthur Pate brought an action against these plaintiffs in which he claimed damages in the sum of $5,000 by reason of the breach by these plaintiffs of their contract with him to deliver possession to him of the premises purchased. On the trial of that action Arthur Pate recovered a judgment against these plaintiffs which, with costs, amounted to $1,510.50, which judgment became final, and these plaintiffs paid the same. In that action the jury found the fair and reasonable rental value of the farm for the year March 1, 1926, to March 1, 1927, to be $1,858.

Arthur Pate assigned to these plaintiffs the supersedeas bond which had been given by defendants to him in the forcible-detainer action, and all of his rights under such bond. On February 22, 1928, plaintiffs filed an action against defendants and their sureties on that bond, and by virtue of the assignment of it from Pate to them. Issues were joined in that action and the trial court sustained defendants' motion for judgment. Through an inadvertence, not necessary to be detailed here, no appeal was taken from that ruling, and the judgment became final.

On the same day of the filing of the action last mentioned plaintiffs filed the present action against the defendants. It is predicated upon the breach by defendants of the covenants and agreements in their parol lease with plaintiffs by which the premises had been leased to them for a term ending March 1, 1926, and by which defendants specifically covenanted and agreed to surrender possession of the premises on that date. Plaintiffs aver, in substance, that they have been damaged because of the breach of those covenants and agreements by defendants in the amount of the damages they were compelled to pay to Arthur Pate, also by attorneys' fees and

other expenses in the forcible-detainer action and in defending the action brought against them by Arthur Pate, which damages plaintiffs allege aggregate $2,133.30, for which sum they pray judgment. We are not concerned on this appeal with the items of these damages. The sole question before us is whether plaintiffs can recover any damages.

There is no controversy here over the terms of the parol lease between plaintiffs and defendants. Plaintiffs allege that by the terms of that parol lease defendants were to have possession of the premises for a term ending March 1, 1926, and specifically covenanted and agreed to surrender possession of the premises on that date, and defendants in their answer admit those allegations. Plaintiffs further allege that defendants breached their contract with plaintiffs in that respect by refusing to surrender possession of the premises on March 1, 1926, and retaining it for a full year thereafter, and defendants in their answer admit the breach. Plaintiffs further allege that they sustained damages by reason of this breach of the covenants of the lease to an amount named and consisting of specific items. Governed by the ordinary rules of contract and breaches of covenants therein and damages caused thereby, we see no reason to hold that plaintiffs cannot recover. It was the duty of the tenant to surrender possession March 1, 1926, in accordance with his contract. (36 C. J. 60; 16 R. C. L. 781.) It is the general rule that upon the tenant's failure to surrender possession at the end of the term the landlord may recover whatever damages he may have suffered thereby, and which were directly caused by such failure on the part of the tenant. (36 C. J. 62; 16 R. C. L. 1168. See, also, cases cited under these authorities.)

Appellees argue that there should have been no recovery against these plaintiffs in the action brought by Arthur Pate against them, for the reason that there had been no breach of the covenants of warranty deed given by plaintiffs to Pate, citing *Schwitzgebel v. Beakey,* 81 Kan. 38, 105 Pac. 42, and allied cases. From that appellees conclude that the payment by plaintiffs of the judgment secured by Pate was a voluntary payment for which they cannot recover from the defendants here. The action by Arthur Pate against these plaintiffs was not predicated on the breach of covenants of warranty deed. It was predicated upon the breach of the contract which these plaintiffs had made with Pate. It can hardly

be regarded as a voluntary payment for one to pay a judgment after he has made as complete a defense to the action as he could do, and the issues had been fairly tried out, and the judgment had become final.

Appellees further argue that Pate, having brought a forcible-detainer action in which he recovered judgment, and these defendants having given a supersedeas bond, conditioned as required by statute, and Pate's right on that bond having been assigned to plaintiffs, when plaintiffs brought an action on that bond against these defendants which resulted in a final judgment against plaintiffs, such judgment is *res judicata* with respect to the damages sought in this action. But it seems quite clear that the issues in the two cases might be entirely distinct. The liability on the bond was from the date of the bond to the time of surrendering possession. (R. S. 61-1011.) Much of the damages sought to be recovered in this action had accrued prior to the giving of that bond. That bond related to waste which might be committed on the premises, rents, costs, and damages incident to the action in which it was given. It did not purport to cover damages of any other character which might result directly from the breach of the covenants of the lease between plaintiffs and defendants. Since the issues were not the same, a judgment in that case could not, of course, be *res judicata.* (*Benz v. Hines and Tarr,* 3 Kan. 390; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127; *McDowell v. Gibson,* 58 Kan. 607, 50 Pac. 870.)

From what has been said it necessarily follows that the judgment of the court below must be reversed, with directions to deny defendants' motion for judgment on the pleadings, and to try the case on its merits.

JOHNSTON, C. J., not sitting.