No. 30,551.

D. C. STEPHENSON et al., *Appellees,* v. JOHN R. PETERSON et al., *Appellants.*

(11 P. 2d 737.)

Opinion filed June 4, 1932.

A. E. Crane and B. F. Messick, both of Topeka, for the appellants.
Hal E. Harlan and A. M. Johnston, both of Manhattan, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This was an action to recover damages for the breach of a contract. Both parties have appealed, and they will be referred to in this opinion as plaintiffs and defendants.

This case was before this court on an appeal from an order of the district court sustaining defendants' motion for a judgment on the pleadings. The judgment of the district court was reversed. (*Stephenson v. Peterson,* 131 Kan. 690, 293 Pac. 497.) The case was tried to the court without a jury on the pleadings, reviewed and sustained by this court on the former appeal. The principal facts were agreed to. The plaintiffs, the owners of a farm in Pottawatomie county, some time prior to March 1, 1925, leased the farm to the defendants under an oral lease. By the terms of the lease the defendants were given the use and occupancy of the land until March 1, 1926, on which date they covenanted and agreed to deliver the possession thereof to the plaintiffs. On February 5, 1926, the plaintiffs sold the farm to Arthur Pate, a farmer who at that time lived in Shawnee county, and by the terms of the contract of sale, which was in writing, they agreed to deliver possession of the farm to Pate March 1, 1926. At about the time of the sale the plaintiffs notified the defendants that they had sold the land, and the purchaser desired possession on the expiration of the lease. The defendants refused to comply with the terms of their lease and held the possession of the land. The plaintiffs then entered into an agreement with Pate, the purchaser, to the effect that they would pay the expense of the necessary litigation to recover the possession of the farm. A forcible detention action was filed by Pate which was finally tried in the district court, and resulted in a judgment in favor of Pate on April 21, 1926. From this judgment the defendants appealed to this court, gave a supersedeas bond and held the possession of the farm until March 1, 1927. The action was afterwards dismissed in this court for the reason that the defendants had vacated the farm on March 1, 1927, and the question thereby became moot. Under an agreement with Pate to the effect that payment would be without prejudice to any claims for damages, Peterson paid crop rental of the value of $1,409, for the year ending March 1, 1927. Thereafter Pate brought an action against the plaintiffs in the district court of Riley county to recover damages for the breach of the contract of sale, which resulted in a judgment in favor of Pate and against the plaintiffs for

the sum of $1,441, and costs $59.60. The plaintiffs paid the judg-ment to Pate and took an assignment of the supersedeas bond given in the forcible-detention action. The plaintiffs filed an action in the district court on the supersedeas bond, which provided that Peterson would pay rent and damages caused by waste beginning March 1, 1926, and ending at the time of the surrender of the posses-sion of the farm. In this action final judgment was rendered against the plaintiffs.

There was also evidence to the effect that the plaintiffs obligated themselves to pay an attorney fee of $250 in the forcible-detention action brought by Pate against the defendants, and that they were also charged an attorney fee of $350 in defending the action brought by Pate against them on the contract of sale. The court on this evidence rendered a judgment in favor of the plaintiffs and against the defendants for the sum of $1,510.50, which was the amount of the judgment, including interest and costs, rendered against the plaintiffs in favor of Pate in the district court of Riley county. The court refused to allow the attorney fees as an element of damage.

The defendants devote a considerable portion of their brief to a reargument of the questions decided by this court on the former appeal. It was there held that the plaintiffs could maintain the action; that it was predicated on a breach of the lease contract and not on a judgment, and that the action on the supersedeas bond was not *res judicata* with respect to the damages sought in this action. These questions have been determined and will not be reconsidered on this appeal.

It is argued by the defendants that in the former appeal the con-dition of the supersedeas bond was not before the court, but that it is now here on the agreed statement of fact and is to the effect "that the Petersons should pay rent and damages caused by waste beginning with March 1, 1926, and ending at the time of the sur-render of possession," and since the bond covered the entire period of the unlawful withholding of the possession the judgment on the bond was a complete adjudication of the rent. An examination of the opinion in the former case reveals that the court considered this question. In the opinion it is said with reference to the super-sedeas bond:

" . . . which bond was conditioned, as required by statute (R. S. 61-1011), that defendants should not commit or suffer waste and should pay double the value of the use and occupation of the real estate from March 1,

1926, to the date of the delivery of the premises, . . . " (*Stephenson v. Peterson,* supra, p. 691.)

The bond was dated May 7, 1926, and the court concluded that while the terms of the bond purported to cover the entire time of the unlawful possession the statute only obligates the sureties to pay from the date of the bond. "But it seems quite clear that the issues in the two cases might be entirely distinct. The liability on the bond was from the date of the bond to the time of surrendering possession. (R. S. 61-1011.)" (*Stephenson v. Peterson,* supra, p. 694.) The question was fully considered and decided against the contention of the defendants, and it will not be disturbed by this appeal.

The only question for the court's consideration on defendants' appeal is whether there was competent evidence to support the cause of action stated in the petition. The undisputed facts are that the lease contract expired March 1, 1926, on which date the defendants agreed to surrender possession of the farm; that the plaintiffs, relying upon this agreement, entered into a contract of sale with Pate wherein he agreed to deliver possession of the farm to them on March 1, 1926; that the defendants breached their contract and unlawfully held possession of the farm until March 1, 1927; that the plaintiffs were forced to defend an action brought by Pate on the contract of sale and ultimately required to pay a judgment in the amount of $1,500.60. This judgment was offered and received in evidence. The defendants argue that this was error, contending that the judgment was not an adjudication binding on the defendants in this case because they were not parties to the action in which the judgment was rendered. The fallacy of the defendants' argument is in the fact that this action was bottomed on a contract and not on the judgment. The judgment was merely evidence of what the plaintiffs were required to pay by reason of the breach of the lease contract on the part of the defendants. The law is well established that where the tenant breaches the lease and unlawfully holds the possession of the premises the landlord may recover damages to the extent of the natural and necessary consequences of his unlawful act. (36 C. J. 63; *Stephenson v. Peterson,* supra.) The defendants had the right to offer any testimony they might have in mitigation of the damage, which would include any evidence that would tend to show the action was not properly defended, or that

items of damages were allowed which were not directly caused by the breach of the lease contract. The judgment was *prima facie* proof of the damage and the defendants appear to have been content to rest their case on such proof. The judgment was properly admitted in evidence. (*Vanderpool v. Burkitt*, 113 Or. 656.)

It is contended on the part of the plaintiffs, who have brought the question here by cross appeal, that the court erred in refusing to allow the attorney fees and expenses in the prosecution of the action against the defendants by Pate and in the defense of the action brought against the plaintiffs by Pate. The evidence is that the plaintiffs agreed to pay the expenses of the action brought by Pate to recover the possession of the land which the defendants unlawfully held; that they obligated themselves to pay an attorney fee of $250, and that a reasonable attorney fee for the defense of the action brought by Pate against the plaintiffs was $350. The record indicates that the defendants do not question the amount of the attorney fees, but base their objection entirely on the legal ground that attorney fees were not a proper element of damage. The trial court appears to have adopted the theory of the defendants and disallowed these items. The plaintiffs argue that these expenses were caused directly by the failure of the defendants to deliver possession of the land.

In the case of *Smith v. Bottomley*, 30 Haw. 853, the court held:

"In such a case the lessors may recover as damages the cost of judicial proceedings necessary to secure possession from the subtenant, including counsel fees for services rendered in the action brought for the purpose, and the value of the use and occupation of the premises during the period when the subtenant remained wrongfully in possession." (Syl. ¶ 2.)

In the case of *Burchfield v. Brinkman*, 92 Kan. 377, 140 Pac. 894, the court held:

"In an action on the covenants of warranty in a deed conveying certain hotel property, possession of which was withheld by the vendor's tenant, who claimed to be in for a term of years, but who was in fact a mere tenant from month to month, it is held that the measure of damages was the loss occurring to the plaintiff as the natural, direct and proximate result of the breach which would include the necessary and reasonable expense of a forcible detention action which the plaintiff had brought to obtain possession, the attorney's fee therein, and also what the possession of the tenant was fairly and reasonably worth." (Syl. ¶ 1.)

Where a landlord, relying upon the fulfillment of the lease by the

tenant, enters into a contract for the sale and possession of the premises on the expiration of the lease, such landlord may recover from the tenant any and all damages which may fairly be considered as the natural and proximate result of the breach of the contract of sale brought about by the unlawful acts of the tenant. The attorney fee of $350, which the plaintiffs obligated themselves to pay in defending against the action brought by Pate on the contract of sale, was certainly an element of damages which was the natural consequence of the breach of the contract of sale. There can be no question but that the plaintiffs are entitled to recover this sum as damages. The attorney fee paid in the prosecution of the forcible-detention action was a voluntary arrangement entered into by the plaintiffs and Pate to obtain the possession of the land. The plaintiffs were bound to avoid a breach of the contract of sale and to do what they could to mitigate the damages resulting therefrom. The forcible-detention action was a summary procedure and if its purpose had been accomplished Pate would have been in possession of the land shortly after the judgment was rendered in the district court on April 21, 1926, and he would not have been in a position to have recovered a large sum of damages from the plaintiffs by reason of the delay in delivering possession of the premises. The agreement with Pate to pay the expenses of this litigation appears to have been made in good faith and in an honest effort to avoid a breach of his contract and resulting damages. Under such circumstances we hold that the payment of the attorney fee of $250 was an element of damages which may fairly be considered as the natural and proximate result of the unlawful acts of the defendants. It necessarily follows that the plaintiffs are entitled to recover a further judgment against the defendants of $600.

The judgment of the district court is modified in that it is ordered and directed to enter a further judgment in favor of the plaintiffs and against the defendants in the sum of $600. In all other respects the judgment of the district court is affirmed.

JOHNSTON, C. J., not sitting.